(60 Misc. Rep. 324.)

In re MALCOLM.

(Supreme Court, Special Term, New York County. August, 1908.)

WITNESSES (§ 198*) — PRIVILEGED COMMUNICATIONS — ATTORNEY AND CLIENT— SUBJECT-MATTER OF TESTIMONY.

Where an attorney transacted business for a person afterwards a necessary party defendant in an action, and information is sought from him as to the address of his client, for purpose of serving her with process under an order for taking her deposition, he is not privileged to withhold such information.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 753; Dec. Dig. § 198.*]

In the matter of George I. Malcolm, committee of Louise Malcolm Stenton, incompetent. Application for an order requiring Mortimer E. Joiner to pay the costs of the referee taking his deposition. Granted. Order reversed 113 N. Y. Supp. 666.

Nelson S. Spencer, for the motion.
Everly M. Davis, opposed.

DAYTON, J. As late as 1907 Mr. Joiner transacted business for Bertha Stewart and Nellie Brewster, or one of them. He had previously appeared for them in an action involving the property in which, or its proceeds, the committee of this incompetent now claims an interest. Bertha Stewart and Nellie Brewster are necessary parties in an action brought by said committee relating to that property or its proceeds. To obtain proper service upon those parties by publication or personally, some knowledge of their whereabouts was required. Mr. Joiner was applied to for this information, which he did not furnish. An order was made to take his deposition. This was followed by an order of Mr. Justice Davis, May 12, 1908, adjudging Mr. Joiner in contempt unless he answered the questions certified by the referee. This was followed by an order of Mr. Justice Guy, June 2, 1908, on Mr. Joiner's application, directing the referee to take said deposition "as to the addresses of the defendants Bertha Stewart and Nellie Brewster for use upon a motion to be made in this action," etc. June 8, 1908, Mr. Joiner formally made answers to the questions as directed by Mr. Justice Davis, but in a distinctly evasive manner, except a denial that he knew said addresses.

In view of this testimony as a whole, and his failure or refusal to answer a number of pertinent questions bearing upon the information sought, his denial of the addresses is, to say the least, not impressive. He seemed to regard any knowledge on that subject as a "privileged communication." This attitude may be inferentially attributed to the circumstance that the action brought by the committee sounds in rather aggravated fraud. It is also to be noted that, though represented, Mr. Joiner was not examined by his counsel. The learned referee has certified that Mr. Joiner "gave me the impression that he was constantly evading the questions which I directed him to answer, and that he did not answer them as well as he could. * * * The examination was unnecessarily prolonged, in my opinion, by the conduct of said

Joiner." As an officer of the court Mr. Joiner should have willingly, speedily, and unreservedly attempted to comply with its order. His evident failure so to do has incurred an expense which he should bear.

Let an order be entered directing Mr. Joiner to pay to the committee of the estate of Louise Malcolm Stenton the sum of $250 within five days after the service upon him of a certified copy of the order to be entered hereon.

Ordered accordingly.